. *C. E. Stone,* for appellant.

————◦◦◦————

## BURTON *v.* HILL.

In a case commenced before a justice of the peace, the defendant answered that, "he had paid, and over-paid, plaintiff for all items of account;" held, that this should be considered a denial of plaintiff's demand ; and not as a new affirmative allegation, to be taken as true, if not denied.

In actions commenced before a justice of the peace, strict formality and regularity in pleadings will not be required where the provisions of the Code are substantially observed.

*Appeal from Dubuque District Court.*

*Opinion by* GREENE, J. Action on account, commenced before a justice of the peace, tried by jury, and verdict in favor of plaintiff, Henry Hill. Defendant appealed to the district court, where a verdict and judgment were rendered against him for the full amount of plaintiff's claim. 1. In the district court, the defendant's answer averred that "he had paid, and over-paid the plaintiff for all items of account," and claimed, that as this allegation was not denied by the plaintiff, it should be taken as true. The court very correctly ruled that the allegation amounted to nothing more than a denial of plaintiff's account, as stated in the notice. To this ruling plaintiff took exception, and refused to offer proof of payment. He now claims that such proof was not necessary under the Code, § 1742. "Each pleading, subsequent to the petition, shall, in relation to every affirmative allegation to which it should respond, contain a

specific admission or denial, or it must state some sufficient reason for not doing so. Allegations not thus responded to, must be taken as true." It is claimed that defendant's affirmative allegation of payment, should be specifically denied, or taken as true. But where is the defendant's denial of plaintiff's affirmative claim of indebtedness, if this answer is to be considered an independent affirmative allegation? If the answer is not to be taken as a denial of plaintiff's affirmative demand, it follows that his demand must be taken as true. As the pleadings rested, this averment could not be viewed in any other light than a simple denial of plaintiff's claim. A plea of confession and avoidance. It admits the items as charged, but avoids by claiming payment. It amounts to a specific denial of the indebtedness claimed in the notice, and nothing more. It is responsive, for it avers payment of the items of account, and, in effect, flatly denies the indebtedness. It could not be considered a new set off, for the Code expressly forbids any new demand or set off, in the district court; § 2844.

In actions commenced before a justice of the peace, strict formality and regularity in pleadings will not be required. If the requirements of the Code are substantially observed, and justice is fairly administered, the stricter, and more precise formality of higher and more polished tribunals, may well be dispensed with.

                                        Judgment affirmed.


*Smith, McKinlay* and *Poor,* for appellant.


*J. Burt,* for appellee.